**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

CARMELO RUIZ,

        Plaintiff,

v.

ASSET ACCEPTANCE, LLC, a Delaware limited liability company,

        Defendant.

---

### COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff Carmelo Ruiz is a natural person.

8.      The Plaintiff resides in the City of Greeley, County of Weld, State of Colorado.

9.      The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.     The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.     Defendant Asset Acceptance, LLC is a Delaware limited liability company operating from an address at 28405 Van Dyke Avenue, Warren, Michigan, 48093.

12.     The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13.     The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.     The Defendant is licensed as a collection agency by the state of Colorado.

15.     The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.     The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.     The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18.  Sometime before 2009 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on a personal account owed to Chase Bank / First USA Chase (hereinafter the "Account").

19.  The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.  The Account went into default with Chase Bank / First USA Chase.

21.  After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22.  The Defendant is in the business of purchasing delinquent consumer accounts, typically paying no more than ten cents on the dollar.

23.  The Defendant then collects the accounts or hires other entities to collect the accounts.

24.  The Defendant claims to have purchased the Account after it went into default with Chase Bank / First USA Chase.

25.  On information and belief the Defendant paid less than ten cents on the dollar for the Account.

26.  The Account was placed or otherwise transferred to the Defendant for collection.

27.  The Plaintiff disputes the Account.

28.    The Plaintiff requests that the Defendant cease all further communication on the Account.

29.    The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

30.    The Defendant acted at all times mentioned herein through its employee(s).

31.    On or before November 2011 the Defendant communicated information on the Account to Transunion, a credit reporting agency.

32.    In November 2011 the Defendant communicated to Transunion that the balance on the Account was $3,529.

33.    On November 2011 the Plaintiff reviewed a copy of his Transunion credit report dated November 18, 2011 and saw the Defendant's entry for the Account on the credit report.

34.    On November 28, 2011 the Plaintiff called the Defendant to dispute the Account with the Defendant.

35.    The Plaintiff and the Defendant via its male employee, "Taylor Johnson", had a telephone conversation regarding the Account on November 28, 2011.

36.    During the telephone call / conversation regarding the Account on November 28, 2011 between the Defendant and the Plaintiff the Defendant via its employee located the Account using the Plaintiff's name

and Social Security Number and stated that the Defendant had the Plaintiff's Chase Bank account with a balance of $3,550.49.

37.     During the telephone call / conversation regarding the Account on November 28, 2011 between the Plaintiff and the Defendant the Plaintiff disputed the Account.

38.     During the telephone call / conversation regarding the Account on November 28, 2011 between the Plaintiff and the Defendant the Plaintiff stated: It is disputed.

39.     During the telephone call / conversation regarding the Account on November 28, 2011 between the Defendant and the Plaintiff the Defendant stated: I'm sorry, what?

40.     During the telephone call / conversation regarding the Account on November 28, 2011 between the Plaintiff and the Defendant the Plaintiff stated: It is disputed.

41.     During the telephone call / conversation regarding the Account on November 28, 2011 between the Defendant and the Plaintiff the Defendant stated: Your disputing it. For what reason?

42.     During the telephone call / conversation regarding the Account on November 28, 2011 between the Plaintiff and the Defendant the Plaintiff stated: Its disputed.

43.     During the telephone call / conversation regarding the Account on November 28, 2011 between the Defendant and the Plaintiff the

Defendant stated: I understand that but you can't just put a dispute for no reason. You have to have a legitimate reason for me to put in a dispute. You can't just say its disputed for no reason.

44. During the telephone call / conversation regarding the Account on November 28, 2011 between the Plaintiff and the Defendant the Plaintiff stated: I don't know if I owe it or not.

45. The Plaintiff disputed the Account with the Defendant in November 2011.

46. The Defendant was aware that the Account was disputed prior to December 2011.

47. Prior to December 2011 the Plaintiff disputed the Account with the Defendant.

48. Prior to December 2011 the Defendant was aware that the Account was disputed.

49. Prior to December 2011 the Defendant was informed that the Account was disputed.

50. In December 2011 the Defendant was aware that prior to December 2011 the Plaintiff disputed the Account.

51. In December 2011 the Defendant was aware that prior to December 2011 the Plaintiff stated to the Defendant during a telephone call with the Defendant regarding the Account on November 28, 2011: "It is disputed" and "Its disputed".

52. In December 2011 the Defendant communicated information regarding the Account to Experian, a credit reporting agency.

53. In December 2011 the Defendant communicated to Experian that the balance on the Account was: $3,558.

54. On or before December 2011 the Defendant communicated to Experian that the Original Creditor on the Account was: CHASE BANK / FIRST USA / CHASE.

55. The information communicated to Experian by the Defendant in December 2011 on the Account conveyed information regarding the Account directly or indirectly to Experian.

56. The information communicated to Experian by the Defendant in December 2011 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

57. In December 2011 the Defendant failed to communicate to Experian that the Account was disputed.

58. In December 2011 the Defendant did not communicate to Experian that the Account was disputed.

59. In February 2012 the Defendant communicated information regarding the Account to Experian, a credit reporting agency.

60. In February 2012 the Defendant communicated to Experian that the balance on the Account was: $3,615.

61.     On or before February 2012 the Defendant communicated to Experian that the Original Creditor on the Account was: CHASE BANK / FIRST USA / CHASE.

62.     The information communicated to Experian by the Defendant in February 2012 on the Account conveyed information regarding the Account directly or indirectly to Experian.

63.     The information communicated to Experian by the Defendant in February 2012 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

64.     In February 2012 the Defendant failed to communicate to Experian that the Account was disputed.

65.     In February 2012 the Defendant did not communicate to Experian that the Account was disputed.

66.     In March 2012 the Defendant communicated information regarding the Account to Experian, a credit reporting agency.

67.     In March 2012 the Defendant communicated to Experian that the balance on the Account was: $3,660.

68.     On or before March 2012 the Defendant communicated to Experian that the Original Creditor on the Account was: CHASE BANK / FIRST USA / CHASE.

69.     The information communicated to Experian by the Defendant in March 2012 on the Account conveyed information regarding the Account directly or indirectly to Experian.

70.     The information communicated to Experian by the Defendant in March 2012 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

71.     In March 2012 the Defendant failed to communicate to Experian that the Account was disputed.

72.     In March 2012 the Defendant did not communicate to Experian that the Account was disputed.

73.     In April 2012 the Defendant communicated information regarding the Account to Experian, a credit reporting agency.

74.     In April 2012 the Defendant communicated to Experian that the balance on the Account was: $3,694.

75.     On or before April 2012 the Defendant communicated to Experian that the Original Creditor on the Account was: CHASE BANK / FIRST USA / CHASE.

76.     The information communicated to Experian by the Defendant in April 2012 on the Account conveyed information regarding the Account directly or indirectly to Experian.

77.  The information communicated to Experian by the Defendant in April 2012 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

78.  In April 2012 the Defendant failed to communicate to Experian that the Account was disputed.

79.  In April 2012 the Defendant did not communicate to Experian that the Account was disputed.

80.  In May 2012 the Defendant communicated information regarding the Account to Experian, a credit reporting agency.

81.  In May 2012 the Defendant communicated to Experian that the balance on the Account was: $3,720.

82.  On or before May 2012 the Defendant communicated to Experian that the Original Creditor on the Account was: CHASE BANK / FIRST USA / CHASE.

83.  The information communicated to Experian by the Defendant in May 2012 on the Account conveyed information regarding the Account directly or indirectly to Experian.

84.  The information communicated to Experian by the Defendant in May 2012 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

85.  In May 2012 the Defendant failed to communicate to Experian that the Account was disputed.

86.   In May 2012 the Defendant did not communicate to Experian that the Account was disputed.

87.   In June 2012 the Defendant communicated information regarding the Account to Experian, a credit reporting agency.

88.   In June 2012 the Defendant communicated to Experian that the balance on the Account was: $3,747.

89.   On or before June 2012 the Defendant communicated to Experian that the Original Creditor on the Account was: CHASE BANK / FIRST USA / CHASE.

90.   The information communicated to Experian by the Defendant in June 2012 on the Account conveyed information regarding the Account directly or indirectly to Experian.

91.   The information communicated to Experian by the Defendant in June 2012 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

92.   In June 2012 the Defendant failed to communicate to Experian that the Account was disputed.

93.   In June 2012 the Defendant did not communicate to Experian that the Account was disputed.

94.   In July 2012 the Defendant communicated information regarding the Account to Experian, a credit reporting agency.

95.     In July 2012 the Defendant communicated to Experian that the balance on the Account was: $3,780.

96.     On or before July 2012 the Defendant communicated to Experian that the Original Creditor on the Account was: CHASE BANK / FIRST USA / CHASE.

97.     The information communicated to Experian by the Defendant in July 2012 on the Account conveyed information regarding the Account directly or indirectly to Experian.

98.     The information communicated to Experian by the Defendant in July 2012 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

99.     In July 2012 the Defendant failed to communicate to Experian that the Account was disputed.

100.    In July 2012 the Defendant did not communicate to Experian that the Account was disputed.

101.    In August 2012 the Defendant communicated information regarding the Account to Experian, a credit reporting agency.

102.    In August 2012 the Defendant communicated to Experian that the balance on the Account was: $3,805.

103.    On or before August 2012 the Defendant communicated to Experian that the Original Creditor on the Account was: CHASE BANK / FIRST USA / CHASE.

104.   The information communicated to Experian by the Defendant in August 2012 on the Account conveyed information regarding the Account directly or indirectly to Experian.

105.   The information communicated to Experian by the Defendant in August 2012 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

106.   In August 2012 the Defendant failed to communicate to Experian that the Account was disputed.

107.   In August 2012 the Defendant did not communicate to Experian that the Account was disputed.

108.   In September 2012 the Defendant communicated information regarding the Account to Experian, a credit reporting agency.

109.   In September 2012 the Defendant communicated to Experian that the balance on the Account was: $3,832.

110.   On or before September 2012 the Defendant communicated to Experian that the Original Creditor on the Account was: CHASE BANK / FIRST USA / CHASE.

111.   The information communicated to Experian by the Defendant in September 2012 on the Account conveyed information regarding the Account directly or indirectly to Experian.

112. The information communicated to Experian by the Defendant in September 2012 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

113. In September 2012 the Defendant failed to communicate to Experian that the Account was disputed.

114. In September 2012 the Defendant did not communicate to Experian that the Account was disputed.

115. In October 2012 the Defendant communicated information regarding the Account to Experian, a credit reporting agency.

116. In October 2012 the Defendant communicated to Experian that the balance on the Account was: $3,858.

117. On or before October 2012 the Defendant communicated to Experian that the Original Creditor on the Account was: CHASE BANK / FIRST USA / CHASE.

118. The information communicated to Experian by the Defendant in October 2012 on the Account conveyed information regarding the Account directly or indirectly to Experian.

119. The information communicated to Experian by the Defendant in October 2012 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

120. In October 2012 the Defendant failed to communicate to Experian that the Account was disputed.

121.    In October 2012 the Defendant did not communicate to Experian that the Account was disputed.

122.    In November 2012 the Defendant communicated information regarding the Account to Experian, a credit reporting agency.

123.    In November 2012 the Defendant communicated to Experian that the balance on the Account was: $3,892.

124.    On or before November 2012 the Defendant communicated to Experian that the Original Creditor on the Account was: CHASE BANK / FIRST USA / CHASE.

125.    The information communicated to Experian by the Defendant in November 2012 on the Account conveyed information regarding the Account directly or indirectly to Experian.

126.    The information communicated to Experian by the Defendant in November 2012 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

127.    In November 2012 the Defendant failed to communicate to Experian that the Account was disputed.

128.    In November 2012 the Defendant did not communicate to Experian that the Account was disputed.

129.    Prior to November 2011 the Defendant did not communicate to Experian that the Account was disputed.

130.   As of November 27, 2012 the Defendant did not communicate to Experian that the Account was disputed.

131.   The Defendant's purpose for communicating the information on the Account to Experian was to attempt to collect the Account.

132.   The only reason that the Defendant communicated the information regarding the Account in December 2011 to Experian was to attempt to collect the Account.

133.   The only reason that the Defendant communicated the information regarding the Account in February 2012 to Experian was to attempt to collect the Account.

134.   The only reason that the Defendant communicated the information regarding the Account in March 2012 to Experian was to attempt to collect the Account.

135.   The only reason that the Defendant communicated the information regarding the Account in April 2012 to Experian was to attempt to collect the Account.

136.   The only reason that the Defendant communicated the information regarding the Account in May 2012 to Experian was to attempt to collect the Account.

137.   The only reason that the Defendant communicated the information regarding the Account in June 2012 to Experian was to attempt to collect the Account.

138.   The only reason that the Defendant communicated the information regarding the Account in July 2012 to Experian was to attempt to collect the Account.

139.   The only reason that the Defendant communicated the information regarding the Account in August 2012 to Experian was to attempt to collect the Account.

140.   The only reason that the Defendant communicated the information regarding the Account in September 2012 to Experian was to attempt to collect the Account.

141.   The only reason that the Defendant communicated the information regarding the Account in October 2012 to Experian was to attempt to collect the Account.

142.   The only reason that the Defendant communicated the information regarding the Account in November 2012 to Experian was to attempt to collect the Account.

143.   In 2012 the Defendant regularly reported information on account(s) that it was attempting to collect to Experian.

144.   In 2012 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian.

145. In 2012 the Defendant reported information to Experian on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

146. In 2012 the Defendant regularly reported information on account(s) that it was attempting to collect to Equifax.

147. In 2012 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Equifax.

148. In 2012 the Defendant reported information to Equifax on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

149. In 2012 the Defendant regularly reported information on account(s) that it was attempting to collect to Transunion.

150. In 2012 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Transunion.

151. In 2012 the Defendant reported information to Transunion on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

152. The telephone call(s) / conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant and / or

employee(s) of the Defendant regarding the Account each conveyed information regarding the Account directly or indirectly to the Plaintiff.

153.   The telephone call(s) / conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant and / or employee(s) of the Defendant regarding the Account each constituted a "communication" as defined by FDCPA § 1692a(2).

154.   The Defendant made an audio recording and/or audio recording(s) of the telephone conversation regarding the Account on November 28, 2011 between the Plaintiff and the Defendant.

155.   The Defendant has a copy and/or copies of the audio recording of the telephone conversation regarding the Account on November 28, 2011 between the Plaintiff and the Defendant.

156.   The Defendant's copy and/or copies of the audio recording(s) of the telephone conversation regarding the Account on November 28, 2011 between the Plaintiff and the Defendant substantiates the Plaintiff's allegations in this action.

157.   The Defendant made audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

158.   The Defendant has a copy or copies of some of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

159.   The Defendant made audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

160.   The Defendant has a copy and/or copies of the audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

161.   The Defendant's copies of the audio recording(s) of its telephone call(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

162.   The Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account.

163.   The Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account in December 2011.

164.   The Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account in February 2012.

165.   The Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account in March 2012.

166.    The Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account in April 2012.

167.    The Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account in May 2012.

168.    The Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account in June 2012.

169.    The Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account in July 2012.

170.    The Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account in August 2012.

171.    The Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account in September 2012.

172.    The Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account in October 2012.

173.   The Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account in November 2012.

174.   The Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account prior to December 2011.

175.   The Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account after November 2012.

176.   The Defendant's electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account in December 2011, February 2012, March 2012, April 2012, May 2012, June 2012, July 2012, August 2012, September 2012, October 2012 and November 2012 substantiate the Plaintiff's allegations in this action.

177.   The Defendant's action(s) constitute false and misleading representation(s) and mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

178.   The Defendant's action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

179.   Credit reporting constitutes an attempt to collect a debt.  See, e.g., <u>Rivera v. Bank One</u>, 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a

debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); <u>Matter of Sommersdorf</u>, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); <u>Ditty v. CheckRite, Ltd.</u>, 973 F.Supp. 1320, 1331 (D.Utah 1997).

180.   "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." <u>Smith v. National Credit Systems, Inc.</u>, 807 F.Supp.2d 836, 840 (D.Az. 2011).

181.   "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate  "one violation of its provisions" to be entitled to a favorable judgment." <u>Doshay v. Global Credit and Collection Corporation</u>, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

182.   As a consequence of the Defendant's action(s), the Plaintiff seeks damages pursuant to FDCPA § 1692k.

## COUNT I, FDCPA VIOLATION

183.   The previous paragraphs are incorporated into this Count as if set forth in full.

184.   The act(s) and omission(s) of the Defendant constitute a violation of the FDCPA § 1692e preface, e(2)(A), e(8), e(10) and § 1692f preface.

185.   Pursuant to FDCPA § 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1.      Judgment in favor of the Plaintiff and against the Defendant.

2.      Damages pursuant to 15 U.S.C. § 1692k(a).

3.      Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.      Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff